UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22147-PAS-AMS

AF HOLDINGS LLC,

    Plaintiff,

vs.

JOHN DOE,

    Defendant.
_____/

## PLAINTIFF'S RENEWED MOTION FOR LEAVE TO TAKE DISCOVERY

Plaintiff AF Holdings LLC respectfully submits this Renewed Motion for Leave to Take Discovery. Plaintiff submitted its original motion for leave to take discovery on June 13, 2012. (ECF No. 4.) In that motion and the accompanying memorandum of law in support thereof, Plaintiff moved the Court for leave to take limited discovery prior to the Rule 26(f) conference. (*Id.*) Plaintiff explained that without the Doe Defendant's identifying information, Plaintiff would be unable to name or serve anyone with process or otherwise proceed in this action. (ECF No. 4-1 at 4.) Further, Plaintiff explained that subscriber information is irretrievably destroyed in the regular course of business by Internet Service Providers. (*Id.*) For these reasons, Plaintiff argued that it had good cause to take discovery prior to the Rule 26(f) conference. Plaintiff's original motion and supporting memorandum are hereby incorporated into this motion as if set forth fully herein.

On July 6, 2012, the Court issued an order denying Plaintiff's motion with leave to refile. (ECF No. 5.) (the "Order"). In the Order the Court took judicial notice that copyright holder plaintiffs with cases pending in this District have issued subscriber identification subpoenas from

1

distant federal judicial districts. (*Id.*) The Court instructed Plaintiff to submit a copy of its proposed subpoena to Bellsouth.net along with supplemental briefing if the subpoena was not to be issued from this District. A copy of the proposed subpoena is attached as Exhibit A to this motion. Because Plaintiff proposes to issue its subpoena from the U.S. District Court for the District of Columbia, Plaintiff will provide the supplemental briefing outlined by the Court.

## DISCUSSION

The Court ordered Plaintiff to submit "an explanation as to (1) why the distant forum is the appropriate place to issue the subpoena and; (2) why the subpoena cannot be issued in this judicial district." (ECF No. 5.)

### I. Why a Distant Forum is the Appropriate Place to Issue the Subpoena

The District of Columbia is the appropriate federal judicial district from which to issue the subpoena because that is the district where Plaintiff is prepared to take delivery of the subpoenaed documents. Rule 45 mandates that subpoenas must issue from the district where the production is to be made. Fed. R. Civ. P. 45(a)(2)(C). "Production" refers to the delivery of documents, not their retrieval, and therefore "the district in which the production . . . is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over. *In re General Motors Corp. Dex-Cool Products*, No. 03-1562-GPM, 2007 WL 627459, at *1 (S.D. Ill. Feb. 27, 2007) (citing *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404 (3rd Cir. 2004) (Alito, J.)); *accord Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 WL 1558210, at *2–3 (D. Kan. July 8, 2002); *see also* Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment, Subdivision (a) ("Paragraph (a)(2) makes clear that the person subject to the subpoena is required to produce materials . . . whether or not the materials are located within the district or within the territory within which the

subpoena can be served."); 9 James Wm. Moore et al., Moore's Federal Practice § 45.03 (3d ed. 2000) ("The subpoena should be issued from the Court where the production of documents is to occur, regardless of where the documents are located."); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2456, at 31 (1995 & 2003 Supp.) ("Even records kept beyond the territorial jurisdiction of the district court issuing the subpoena may be covered if they are controlled by someone subject to the court's jurisdiction."). Plaintiff's initial subpoena processing location is located in the District of Columbia.

The District of Columbia is a natural place of production for Internet Service Provider subpoenas because such a large proportion of Internet Service Providers have a presence in the District of Columbia or Northern Virginia. This is due to the proximity of that area to virtually every major Internet backbone network as well as the federal agencies that regulate the telecommunications industry. Further, the major ISPs generally hire outside counsel based in the District of Columbia. Issuing subpoenas from the District of Columbia, then, is consistent with Congress' goal of providing territorial protection to nonparty subpoena recipients.

The Court's invocation of the phrase "distant forum" in the Order implies a concern shared by the court in *Millennium TGA, Inc. v. Comcast Cable Communications, LLC*, 2012 U.S. Dist. LEXIS 88369 (D.D.C. June 25, 2012), namely the concern that it might be unfair to require subscribers to travel to a distant judicial district to challenge the disclosure of their identifying information. Plaintiff would make two observations regarding this concern. First, Rule 45 does not offer subscribers the same territorial protections that it does nonparty subpoena recipients. *See In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998). ("The rules governing subpoenas and nonparty discovery have a clearly territorial focus. Applications for orders *compelling disclosure*

*from nonparties* must be made to the court in the district where the discovery is to be taken….") (emphasis added).

There is good reason for this. Rule 45 would be inoperable if it afforded the same territorial protections to third parties who are not subject to a subpoena as it did nonparty subpoena recipients. Imagine that a plaintiff seeking the identity of a rental car driver had to identify common geography between the rental car provider and an out-of-state driver in order to issue a valid subpoena for the customer's identity. In many circumstances, such a location would not even exist. In the online infringement context, broad swaths of the U.S. population would be immune from liability for digital copyright infringement. College students who transferred schools, were home for the summer, or graduated would be immune from identification so long as their new residences were in a different federal judicial district than their alma mater. Individuals who committed infringement from a hotel or on a mobile device while travelling would similarly be immunized from identification. In states with multiple federal judicial districts, such as Texas, certain individuals would be immune from identification.[1] Rule 45 cannot support an interpretation that renders Plaintiff unable to identify those who violated its copyrights. *See Marbury v. Madison*, 5 U.S. 137, 163 (1803) ("The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right.").

---

[1] Rule 45 requires that subpoenas be issued from the place of production and that service be made within the district, within 100 miles of the district, according to state law or according to federal law. If a subscriber is located and an underlying action is pending in the U.S. District Court for the Southern District of Texas, but his ISP's offices are in the Eastern or Northern Districts of Texas, then there would simply be no federal district from which Plaintiff could issue a valid subpoena. *See* Fed. R. Civ. P. 45(b)(2)(B); *see also* Tex. R. Civ. P. 176.3 (limiting the territorial range of subpoenas to 150 miles).

The second (perhaps more satisfactory to this Court) observation that Plaintiff would make is that subscribers are always entitled to challenge the disclosure of their identifying information in this Court. Although a motion to quash may only be heard in the federal judicial district where a subpoena was issued, this Court can take judicial notice that multiple procedural mechanisms exist that allow parties to challenge the disclosure of their identifying information in the district where the underlying action is pending. *See, e.g.,* Fed. R. Civ. P. 26(c). In other words, there is no reason why a subscriber would have to travel to the District of Columbia to challenge the disclosure of their identifying information.

**II.     Why the Subpoena Cannot be Issued From This District**

It is theoretically possible to issue the subpoena from this District, assuming Plaintiff establishes a place of production in this District, but for the Court to order Plaintiff to do so would undermine the territorial protections embedded in Rule of Civil Procedure 45. Further, any such order would not provide additional protections to John Doe, as he or she has several avenues to challenge the disclosure of his or her identifying information in this District.

Respectfully submitted,

AF Holdings LLC

DATED: July 26, 2012

By:     /s/ Joseph Perea
       Joseph Perea, FBN 47782
       Joseph Perea, P.A.
       9100 S. Dadeland Blvd, Ste 1500
       Miami, Florida 33156
       Tel: 415-325-5900
       E-mail: joperea@perealawfirm.com
       *Attorney for Plaintiff*