UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22147-CIV-SEITZ/SIMONTON

AF HOLDINGS LLC,

      Plaintiff,

v.

JOHN DOE (74.166.133.168),

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR LEAVE TO TAKE EARLY DISCOVERY

THIS MATTER came before the Court upon Plaintiff's Renewed Motion for Leave to Take Early Discovery. [DE 7]. Plaintiff seeks leave to issue a subpoena to nonparty Internet Service Provider ("ISP") Bellsouth.net in order to obtain identifying information for Defendant Doe 74.166.133.168 whom Plaintiff alleges infringed its copyrighted pornographic video. The Court previously took judicial notice of the fact that plaintiffs in copyright infringement actions involving the use of BitTorrent protocol have brought lawsuits in this Court against alleged infringers who purportedly reside in Florida and have sought authorization to issue Rule 45 subpoenas from this Court. However, the subpoenas are actually issued in distant forums. [DE 5]. As a result, the Court denied Plaintiff's Motion for Leave to Take Early Discovery with leave to refile. The Court instructed Plaintiff to submit a copy of the subpoena it intends to issue to Bellsouth.net and to explain why the distant forum is the appropriate place to issue the subpoena and why the subpoena cannot be issued in the Southern District of Florida. [*Id*.]. Plaintiff's Renewed Motion includes a

1

copy of the subpoena, which is to issue from the U.S. District Court for the District of Columbia. [DE 7-1]. Upon review of Plaintiff's Renewed Motion, including its explanation for why the District of Columbia is the appropriate place to issue the subpoena and why the subpoena cannot be issued from this judicial district, the Court will deny Plaintiff's Motion.

The Eleventh Circuit has recognized that "the district court has broad discretion . . . to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011) (citaitons omitted). Here, Plaintiff has not provided an adequate justification as to why the Court should authorize it to issue a subpoena from the District of Columbia for information it can obtain from a subpoena issued from the Southern District of Florida, where this lawsuit is pending and where Plaintiff alleges the sole Defendant resides and/or committed the alleged infringing activity. The Court has an interest in managing the discovery it authorizes in a lawsuit it is presiding over. This management includes challenges to the subpoenas, which the Court cannot address if the subpoenas are issued elsewhere. Although Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena for production or inspection must be issued from the district court where production or inspection is to be made, Fed. R. Civ. P. 45 (a)(2)(C), Plaintiff states in its Motion that "[i]t is theoretically possible to issue a subpoena from this District, assuming Plaintiff establishes a place of production in this District." [DE 7 at 5]. Plaintiff's ability to establish a place of production to receive identifying information for a single Doe Defendant should not impose an undue burden on Plaintiff, particularly because Plaintiff's counsel maintains an office in Miami, Florida.

Plaintiff contends that a court order requiring it to issue a subpoena from this judicial district would "undermine territorial protections embedded in Rule of Civil Procedure 45." [DE 7 at 5].

2

Plaintiff refers to the "territorial protections" afforded to the nonparty ISP, who is the recipient of the subpoena. However, Plaintiff has not provided the Court with anything more than theoretical arguments to suggest that Bellsouth.net prefers, let alone requires, production of subpoenaed information in the District of Columbia.[1] Plaintiff has also not asserted that a subpoena issued from this judicial district would run afoul of Fed. R. Civ. P. 45(c)(1) by imposing an undue burden or expense on Bellsouth.net nor does Plaintiff contend that this Court lacks personal jurisdiction over Bellsouth.net. Indeed, one court has recognized that at least one other ISP – Comcast – will respond to subpoenas issued in any judicial district where subscribers reside. *Millenium TGA, Inc. v. Comcast Cable Communications, LLC*, 2012 U.S. Dist. LEXIS 88369, at *15 (D.D.C. June 25, 2012). Further, to the extent that Bellsouth.net has an objection to a subpoena issued from the U.S. District Court for the Southern District of Florida, such a challenge is more appropriately asserted by Bellsouth.net, not Plaintiff.

Finally, Plaintiff's insistence on issuing a subpoena from the District of Columbia, a judicial forum that has no connection to this lawsuit, appears to be a litigation tactic. In another BitTorrent copyright infringement case pending before this Court, Plaintiff's counsel issued a subpoena from the U.S. District Court for the District of Columbia to obtain subscriber information from Comcast for Doe Defendants who allegedly reside and/or committed infringing activity in the Southern District of Florida. *Bubble Gum Productions, LLC v. Does 1-80*, Case No. 12-20367-CIV-

---

[1]Plaintiff contends that "[t]he District of Columbia is a natural place for production for Internet Service Provider subpoenas because such a large proportion of Internet Service Providers have a presence in the District of Columbia or Northern Virginia. This is due to the proximity of that area to virtually every major Internet backbone network as well as the federal agencies that regulate the telecommunications industry. Further, the major ISPs generally hire outside counsel based in the District of Columbia. Issuing subpoenas from the District of Columbia, then, is consistent with Congress' goal of providing territorial protection to nonparty subpoena recipients." [DE 7 at 3].

SEITZ/SIMONTON, (DE 13-1). Thereafter, a number of the Doe Defendants filed motions to sever or, in the alternative, to quash the subpoenas in this Court. On July 19, 2012, the Court issued an Order Granting Defendants' Motions to Sever, Dismissing Claims Against Does 2-80 Without Prejudice, and Vacating the Portion of its Order Granting Early Discovery as to Does 2-80. *Id.* at (30). However, the Court could not quash the subpoenas as to Does 2-80 because they had been issued from the District of Columbia. *See* Fed. R. Civ. P. 45(c)(3)(A). Four days after issuance of the Court's July 19, 2012 Order, Plaintiff filed a Renewed Motion to Compel Compliance with Subpoena against Comcast in the District of Columbia, and failed to inform the D.C. Court in that Motion of this Court's July 19, 2012 Order. *BubbleGum Productions, LLC v. Comcast Cable Communications, LLC*, Case No. 12-00382-MC-HUVELLE, (DE 6). The D.C. Court was subsequently informed of this Court's Order by Comcast and denied Plaintiff's Motion and issued an Order to Show Cause because it viewed Plaintiff's actions as an attempt to perpetuate a fraud upon the court. *Id.* To avoid these problems in the future and because Plaintiff has not provided adequate justification for its request to issue the subpoena from D.C., it is

ORDERED THAT

Plaintiff's Renewed Motion for Leave to Take Early Discovery [DE 7] is DENIED. Should Plaintiff refile its Motion to conduct early discovery to issue a subpoena to Bellsouth.net from the U.S. District Court for the Southern District of Florida, the Court will grant the motion.

DONE and ORDERED in Miami, Florida, this __8<sup>R</sup>__ day of August, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Honorable Andrea M. Simonton
      Counsel of Record